863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence D. PONTIUS, Petitioner-Appellant,
v.
H. Gary WELLS, Deputy Warden, Muskegon Correctional
Facility, Respondent- Appellee.
 No. 88-1398.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1988.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lawrence Pontius brought this petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254, claiming that (1) he was prejudiced by the trial court's erroneous jury instructions; (2) Michigan's felony murder statute is unconstitutional; and (3) the trial court erred in denying his motion to suppress certain statements. The district court dismissed the petition as meritless. Pontius raises the same arguments on appeal.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the petition. Pontius did not show that the jury instructions were so infirm that they rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Pontius was charged with (among other crimes) felony murder. He claimed that the jury instructions were fundamentally unfair because the trial court misled the jury by substituting murder for robbery or burglary in the standard jury instruction as the primary crime intended. This instruction was proper under People v. Aaron, 409 Mich. 672, 299 N.W.2d 304 (1980). Under the Aaron decision, the jury may not find malice from the intent to commit the underlying felony alone. By instructing the jury to find petitioner guilty of murder only if he intended murder, rather than robbery or burglary, the court actually benefited Pontius.
 
 
 5
 In this same regard, Pontius also argued that "whether the murder was foreseeable or within the scope of the criminal enterprise is irrelevant to the aiding and abetting [of the murder] issue." Although the jury may not find malice from the intent to commit the underlying felony alone, any jury can certainly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. See generally Jackson v. Virginia, 443 U.S. 307, 325 (1979). The district court reasonably assumed that the jury found that Pontius intentionally set in motion a force likely to cause death or great bodily harm by breaking into a house at night to steal and by repeatedly beating an elderly man. In sum, the alleged errors in the jury instructions did not rise to the level of federal constitutional deprivations, and thus, do not warrant habeas relief. See Long v. Smith, 663 F.2d 18, 23 (6th Cir.1981), cert. denied, 455 U.S. 1024 (1982).
 
 
 6
 Second, the district court correctly decided that Mich.Comp.Laws Sec. 750.316 is constitutional and that it did not violate Pontius' equal protection rights. Pontius argued that he was unconstitutionally convicted of first degree murder because that statute elevates second degree murder committed in the perpetration or attempted perpetration of one of the enumerated felonies to first degree murder without requiring the elements of premeditation and deliberation to be proven. Pontius did not allege that the statute was discriminately applied to him, thus he did not establish that the statute violated his rights to equal protection. See Washington v. Davis, 426 U.S. 229, 241 (1976). Furthermore, this statute is constitutional. In essence, Pontius argued that the statute permitted the prosecution to convict him by a finding of fewer than all the elements of the crime. This did not happen in this case, as the jury was advised that it could not infer, but was required to find, actual malice. Therefore, the statute satisfies due process concerns and is constitutional.
 
 
 7
 The district court also correctly decided that the trial court did not err in denying Pontius' motion to suppress certain statements. Pontius raised three reasons why his post-arrest statements to police officers should have been suppressed. First, the statements were obtained during an unnecessary delay in bringing him before a magistrate; second, the statements were the product of an illegal arrest; third, his second statement under police custody was obtained without informing him of his right to counsel. These claims will be analyzed in turn. First, he claimed that his confession was coerced because he was kept in custody for approximately twenty-four hours before arraignment. His statement was properly considered because there was no evidence of police conduct which overcame his will to resist. Applying the three part test of Clewis v. Texas, 386 U.S. 707, 711-712 (1967), reveals that his statement was voluntary. Pontius was given proper warnings required by Miranda v. Arizona, 384 U.S. 436, 478-79 (1966), before making each of his statements to the police; (2) he was not interrogated for long periods of time; and (3) there was no evidence that he was denied sleep, food, or was subjected to police custody with little or no contact with anyone other than the police. See Clewis, 386 U.S. at 712.
 
 
 8
 Next, Pontius claimed that statements made at the time of his arrest should have been suppressed as they were the fruits of an illegal arrest. Pontius claimed that his arrest was illegal since the police arrested him without a warrant at his mother's home. This claim must fail because exigent circumstances existed which justified the arrest of Pontius without a warrant. See Steagald v. United States, 451 U.S. 204 (1981). Pontius knew that he had been discovered trying to cash one of the dead victim's checks; thus, he could reasonably have been expected to flee. In addition, he had the check shortly before the arrest, and could have been expected to destroy this evidence. Furthermore, Pontius voluntarily stepped to the door of his mother's apartment and was placed under arrest. Therefore, there was no entry of the home.
 
 
 9
 Finally, he claimed that his second statement made while in police custody should have been suppressed because it was obtained without proper warnings required by Miranda, 384 U.S. at 478-79. This claim is likewise without merit. The police officers testified that they gave petitioner his Miranda rights before each of his statements. Pontius' confession was voluntary. He testified that he knew prior to making his second statement to the police that he need not give a statement. Furthermore, the state courts determined that the police informed Pontius that he had the right to counsel. This finding of fact is presumed correct as Pontius has not shown by convincing evidence that these facts are erroneous. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam).
 
 
 10
 Accordingly, the order dismissing the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.